UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ADRIAN ALEXANDRU,

                Plaintiff,                NOT FOR PUBLICATION
                                                          **MEMORANDUM & ORDER**
    -against-                              11-CV-2157 (CBA) (LB)

ERIC BROWN, KEITH GORDON, and 200 WEA
PARKING CORPORATION,

                Defendants,

    -against-

MULTI PARKING 6 LLC,

                Third-Party Defendant,

-------------------------------------------------------------------x
AMON, Chief United States District Judge.

        Before the Court is a Report and Recommendation issued by Magistrate Judge Lois Bloom on February 16, 2012 ("R&R"), recommending that the Court deny the plaintiff's motion for a default judgment against defendant Keith Gordon.

        In this diversity action, the plaintiff seeks specific performance of a buy-back provision of a contract he entered into with the defendants to form a closely-held corporation known as 200 WEA Parking Corporation. The contract gave the plaintiff the right to sell back his shares in the corporation for $250,000, and the plaintiff alleges that the defendants breached the contract by refusing to honor this clause. The plaintiff moved for entry of a default judgment against Gordon, who has failed to plead or otherwise defend this action, for a sum certain of $250,000 pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.

        Magistrate Judge Bloom's well-reasoned report recommends that the Court deny the plaintiff's motion for a default judgment because (1) a default judgment for a sum certain under

1

Rule 55(b)(1) cannot be based on a claim for equitable relief; and (2) to the extent the plaintiff moves for a default judgment on any claims for monetary damages, those claims are not for a sum certain within the meaning of Rule 55(b)(1); instead, they are based instead on general allegations of damages that would require the plaintiff to follow the procedures for obtaining a default judgment set forth in Rule 55(b)(2).  See R&R at 6-7.

      No party has objected to the R&R.  Having found no clear error on the face of the record, the Court hereby adopts Magistrate Judge Bloom's R&R as the opinion of the Court.  See Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("If neither party objects to the report, the Court need only satisfy itself that there is no clear error on the face of the record.") (quotation marks omitted).  The plaintiff's motion for a default judgment against Gordon is denied.

SO ORDERED.

Dated: Brooklyn, New York
       June 18, 2012

                                  /s/
                              Carol Bagley Amon
                              Chief Judge, United States District Court